# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ROBERT CANALES,<br><br>        Defendant. | Case No: 14-03106-15 -CR-S-MDH |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Thomas M. Larson, Acting United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Robert Canales, to a term of incarceration of 240 months for Count 1, as well as to an appropriate term of supervised release.

## I. BACKGROUND

The defendant, on December 21, 2016, pled guilty, by written plea agreement, to Count 1 of the Third Superseding Information charging him with Conspiracy to Distribute a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). The defendant also admitted to a forfeiture allegation. On April 21, 2017, the final Presentence Investigation Report (PSR) was filed, indicating that the defendant's base offense level, after acceptance of responsibility, for Count 1 was 34, with a criminal history category of VI, because the defendant is a career offender. (PSR ¶ 88). The defendant's presentence investigative report indicated that his sentencing range was 262 to 327 months. (PSR ¶ 88). There is a statutory maximum sentence in this case for Count 1 of thirty

years.  (PSR ¶ 87).  Neither the government, nor the defendant, had objections to the presentence report.

## II.  LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range.  *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006).  Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range.  *Plaza*, 471 F.3d at 930.  After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence.  *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

Neither party filed objections to the PSR.  Therefore, the appropriate sentencing range according to the PSR is 262 to 327 months.

## III.  DISCUSSION

### A.    Statutory and Guidelines Calculations

The defendant's presentence investigative report indicated that his sentencing range for Count 1 is 262 to 327 months.  There is a statutory maximum sentence in this case of thirty years.  The Government concurs with these calculations.

**B.	Statutory Sentencing Factors**

  **1.	Nature and Circumstances of the Offense**

The defendant was involved with the Kenny Friend/Kenna Harmon Drug Trafficking Organization (Friend/Harmon DTO) which was a large-scale conspiracy to distribute methamphetamine throughout southwest Missouri in the years 2013-14.  The defendant's role in this conspiracy was to assist Nelson Olmeda and others to distribute large amounts of methamphetamine to the Friend/Harmon DTO, which was redistributed to other persons in southwest Missouri.  The defendant's actions helped fuel the growth of one of the largest methamphetamine distribution rings in southwest Missouri, and this conduct requires a serious punishment.  A total sentence of 240 months reflects the serious nature of this offense and the need for adequate punishment.

  **2.	History and Characteristics of the Defendant**

The defendant had 6 criminal history points and his criminal history category under the sentencing guidelines is a level IV, because he was found by the probation office to be a career offender under U.S.S.G. § 4B1.1(b).  The defendant was found to be a career offender because of a 2002 Texas conviction for aggravated robbery, where the defendant received an 8-year sentence for committing robbery and threated the victim by exhibiting a firearm, and a 2008 conviction for possession with intent to deliver cocaine, where the defendant received a sentence of 6 years.   The defendant is 34 years old.

The PSR also indicates that the defendant has a substance use/abuse history involving alcohol, marijuana, PCP, K2, and Xanax.  The defendant began using illegal controlled substances at the age of 13.  The defendant's family also has an extensive history of drug abuse.

The government believes a total sentence of 240 months would be a just punishment taking into account the history and characteristics of the defendant and would allow the defendant to obtain the drug treatment that he needs from the BOP.

### 3. Need to Promote Respect for the Law

Based on the defendant's history and actions, the Government would contend that a substantial sentence is necessary to promote respect for the law, both on the part of the defendant, as well as on the part of the community as well. In this case, the Government believes a sentence of 240 months would promote this respect for the law.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

A sentence of 240 months would provide a deterrent to this defendant and those who commit similar types of crimes. While it is impossible to truly determine if others will be deterred from committing future crimes, a 240-month sentence will specifically deter this defendant from committing additional crimes during his period of incarceration.

### 5. Need to Protect the Public from Further Crimes of the Defendant

The defendant has shown that he is a danger to the community by his actions. A sentence of 240 months will give the community peace and security from the defendant at least for the period of time he is incarcerated.

### 6. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment

The Government would submit that this defendant would benefit from a program that allows him to obtain further education. The defendant would likely would do well in obtaining further education. The government believes that the defendant would benefit from vocational training and other educational opportunities, as this would assist in his ability to obtain employment after his period of incarceration.

As noted, the defendant has reported a long history of substance abuse. The government believes that the defendant would benefit from the 500 hour substance abuse treatment program offered by the United States Bureau of Prisons, and would not object to the defendant's placement in the program.

### 7. The Need to Avoid Unwarranted Sentencing Disparities

Several other co-defendants in this case have been sentenced and based upon those sentences a 240 month sentence is proportional. Co-defendant Nelson Olmeda, whom the defendant directly worked under, received a sentence from this Court of 240 months. Olmeda had a base offense level of 35, with a criminal history category of III, with a sentencing range of 240-262 months because the defendant had a twenty-year statutory minimum sentence requirement. Olmeda was considered an upper level distributor. Co-defendant Brandon House received a sentence of 240 months. House had a base offense level of 35, with a criminal history category of VI, and was considered a mid-level dealer of methamphetamine in the conspiracy. Co-defendant Gregory Jones received a sentence of 180 months. Jones had a base offense level of 35, criminal history category of V and was a mid-level dealer of methamphetamine in the conspiracy. Co-defendant Jeffrey Gardner also was a mid-level dealer in the conspiracy, and he had a base offense level of 35, criminal history category of VI with 22 criminal history points. The Court sentenced Gardner to a sentence of 180 months. Co-defendant Joseph Allen also received a total sentence of 180 months, for the conspiracy, as well as for his possession of multiple firearms in furtherance of the conspiracy. Allen had a base offense level of 37, criminal history category of I. Jeffrey Hatch was sentenced to 144 months. Hatch also was a mid-level distributor who had a criminal history category of III, and his base offense level was 35, with a sentencing range was 240 to 260 months, coupled with a 60 month consecutive sentence under

18 U.S.C., Section 924(c). Cheryl Paluczuk received a sentence of 132 months for her role in the conspiracy. Paluczak had a base offense level of 35, and a criminal history category of IV. Paluczak received a sentence of 132 months.

Proportionality supports a sentence similar to that given to Olmeda. Olmeda was one of the major suppliers of methamphetamine to the Friend/Harmon DTO and Canales worked directly under him. While the PSR rightly considered the defendant a low-level participant in the case, the evidence suggests that Canales' role in the conspiracy was to provide protection to Olmeda, and the defendant's criminal history is worse than Olmeda's and includes a crime of violence involving a threat using a firearm. Further, Canales has not provided any cooperation in this case. A sentence of 240 months, taking into account other factors which pertain to the defendant's case, is proportionate to the other sentences already imposed in this case. A sufficient period of incarceration is necessary to punish the defendant of his actions. A 240-month total sentence would be an adequate punishment to accomplish this.

## IV. CONCLUSION

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory guideline range. The Government respectfully requests that the defendant's role in the offense, behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence. In conclusion, the Government respectfully requests this Court to impose a sentence of 240 months for Count 1. Such a sentence would be consistent with the circumstances of this case.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney


*/s/ Randall D. Eggert*
RANDALL D. EGGERT Mo Bar #39404
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21th day of August, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Randall D. Eggert*
RANDALL D. EGGERT
