IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT CANALES,<br><br>    Defendant. | Case No. 6:14-cr-03106-15-BCW |

## Sentencing Memorandum

Robert Canales is a 34-year-old man, who was raised by his maternal grandparents and whose first child was born during the time he has been in custody for this case. In this case, Canales plead guilty to a reduced charge of conspiracy to distribute a detectable amount of Methamphetamine. Canales' exposure arises from two events occurring on or about November 14, 2014, and December 22, 2014 and his relationships with two individuals, Nelson Olmeda (04) and Robert Edson (14). Canales pled guilty to the above-referenced reduced charge pursuant to a plea agreement, and his Presentence Investigation Report returned a Total Offense Level of 34, which resulted in a Guideline Sentencing range of 262-327 months' imprisonment.

The purpose of this memorandum is to outline factors which support a variance from the Guidelines Sentence and a reasonable sentence under *Gall v. United States*, 552

U.S. 38 (2007). This Sentencing Memorandum is offered in support of a reduced prison term less than a Guideline Sentence. This type of sentence is supported in by the nature and circumstance of Canales' role in this offense, his history and characteristics, and the need to avoid unwarranted sentencing disparities among similarly situated defendants. A reduced sentence is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

## Outstanding Guidelines Issues

There are no outstanding guidelines issues. However, there are some less material issues in the presentence investigation report that Canales wishes to discuss. First, Canales fully accepts the computation of this criminal history and his prior criminal behavior, but asserts that his 2002 Harris County Conviction did not include the use of a firearm. Canales acknowledges that the Indictment and Complaint involved in the case include language stating "did then and there use and exhibit a deadly weapon, to wit: a firearm," but actual factual basis is that the deadly weapon involved in the offense was a car.

Second, it is important to note how application of the Career Offender enhancement impacts the calculation of Canales' Guidelines sentencing range. In this case, the enhancement functions to increase Canales' Criminal History Category from a III to a VI *and* increases Canales' Total Offense Level from a 32 to a 34. Canales' Guideline Sentencing range prior to application of the Career Offender enhancement was 151-188

months. The two convictions used to qualify Canales as a Career Offender are his only criminal offenses receiving any criminal history points.

## Examination of 18 U.S.C. § 3553(a) Factors

As the Court is aware, the primary directive in § 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a). As counsel is certain the Court is aware of those statutory provisions, they will not be quoted here, but will be generally addressed in this memorandum and at Canales' sentencing hearing as relevant to this case.

Canales' plea agreement and presentence investigation report describe the nature and circumstances of Canales' offense and his involvement. His plea agreement admits that "CANALES…assisted OLMEDA in the distribution of… methamphetamine" (DE[1] 809.), and his presentence investigation report finds him a "lower-level" participant (PSR 40.)

As to Canales' history and characteristics, he acknowledges a significant history of substance abuse and two significant convictions. Canales' substance abuse has directly contributed to his criminal activity, as well as some life circumstances he found himself in. As displayed in the PSR and will discussed at the sentencing hearing, Canales is much more

---

[1] References to the pleadings, orders and other documents as chronicled on the district court's docket sheet will be to "(DE___.)"; References to the Presentence Investigation Report will be to "(PSR ¶ ____.)" followed by the paragraph number.

than his history of substance abuse and this criminal activity. However, the purposes of this the sentencing statute can be satisfied and these risks mitigated by recommending Canales to participate the 500-hour drug treatment program and that he be assigned to a Bureau of Prison's institution where he can participate in occupational training related to Diesel Mechanics, an area of interest for him.

Another policy of the sentencing statute is to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The government in its motion addresses the need to avoid unwarranted sentencing disparities by listing individual sentences from this case, and arguing a sentence for Canales identical to Olmeda's, a defendant identified by the government as "an upper level distributor." (DE 1035.) In addition, every term of imprisonment listed by the government in its memorandum is for an "upper level distributor" or "mid-level dealer of methamphetamine"[2] within the conspiracy. Canales is a "lower-level" participant, and he plead to a lesser included offense, and reduced charge, dissimilar to every other defendant.

The government claims without any factual basis from the record, plea agreement, or presentence investigation report that Canales' role in the conspiracy was to provide protection to Olmeda. Canales explicitly denies that was his role, and objects to any consideration of this unsupported assertion by the government.

---

[2] The government identifies a defendant with a 180-month sentence and 132-month sentence without characterizing their role in the conspiracy.

Finally, undersigned counsel asserts there are shorter sentences than the advisory guideline sentence available that best satisfy the requirements of § 3553(a). For these reasons, counsel recommends a sentence of 96 months imprisonment followed by a supervised release term of 6 years. This type of sentence reflects the nature and circumstances of Canales' offense and his history and characteristics, and is "sufficient, but not greater than necessary" to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

**The Law Office of C. Douglas Shull**

**C. Douglas Shull**
Attorney for Defendant Canales
Missouri Bar No. 49893

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, August 23, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the attorneys of record.

**C. DOUGLAS SHULL**
Attorney at Law